UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: REVIEW OF EXTRADITION DETENTION ORDER<br><br>RE:  DANNY RAY CHESTINE, JR., | Case No. 2:23-cv-01418-GMN-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motions for Review of Extradition Order and for Appointment of Counsel.  ECF Nos. 1, 2.  However, in order to commence a case in federal court Plaintiff must either pay the filing fee ($402) or file an application to proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(1); U.S. District Court for the District of Nevada Local Rule LSR 1-1 ("Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*.  The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities.").  Moreover, under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court."  Here, Plaintiff, proceeding *pro se*, did not pay the filing fee, did not submit an application to proceed *in forma pauperis*, and did not file a Complaint.

Further, Plaintiff's Motion for Review of Extradition Order fails to state a basis for the Court's jurisdiction.  Federal court is "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings.  *See, e.g.*, Fed. R. Civ. P. 12(h)(3).  Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  If the Court lacks subject matter-jurisdiction, an action must be dismissed.  Fed. R. Civ. P. 12(h)(3).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Plaintiff, a Nevada resident, appears to seek relief against North Las Vegas Justice Court. Plaintiff also pleads no amount in controversy. Thus, Plaintiff cannot establish diversity jurisdiction. Plaintiff's Motion for Review of Extradition also does not identify the violation of a federal statute or constitutional right upon which federal court jurisdiction may be based. Even if Plaintiff were to pay the filing fee or seek approval to proceed *in forma pauperis*, there is no basis for the Court to exercise jurisdiction over his claim as presently pleaded. While the Court finds no basis for jurisdiction at this juncture, the Court provides Plaintiff **one** opportunity to file a Complaint stating a claim that can proceed in federal court.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Review of Extradition Order (ECF No. 1), construed as an attempt to file a complaint, is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of the Court must send Plaintiff the approved form application to proceed *in forma pauperis* by inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a Complaint, he must do so on the Court's form for a civil action.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff the form Civil Rights Complaint together with the instructions for filing the same.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a Complaint, he must at the same time he does so also file either a complete application to proceed *in forma pauperis* or pay the $402 filing fee for a civil action.

IT IS FURTHER ORDERED that Plaintiff has until **October 18, 2023**, to file his Complaint and either pay the $402 filing fee or a complete application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, the Court will recommend dismissal of this matter in its entirety, but without prejudice.

Dated this 15th day of September, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE